

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | CRIMINAL ACTION NO.: 3:18-309-MGL-1 |
| § | |
| GARRETT HUTTO, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

**I.     INTRODUCTION**

Pending before the Court is Defendant Garrett Hutto's (Hutto) second motion to reduce his sentence due, in part, to the COVID-19 pandemic.  Having carefully considered the motion, the response, the reply, numerous letters from Hutto, the record, and the applicable law, it is the judgment of the Court Hutto's motion to reduce his sentence will be denied.

**II.    FACTUAL AND PROCEDURAL HISTORY**

The grand jury indicted Hutto on one count of knowingly possessing a firearm and ammunition, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§922(g)(1), 924(a)(2), and 924(e) (Count One); one count of knowingly, intentionally, and unlawfully possessing with intent to distribute and distributing a quantity of heroin and a quantity of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D) (Count Two); one count of knowingly using and carrying a firearm

in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three), and a forfeiture account.

On November 30, 2018, Hutto pled guilty to Count Three, and the remaining counts were dismissed upon motion of the government. The Court, on June 25, 2019, sentenced him to a term of imprisonment of sixty months and, upon release, a term of supervised release for three years with standard and special conditions to include substance abuse testing. Hutto is currently housed at Federal Correctional Institution Williamsburg (FCI Williamsburg), and has a projected release date on or about October 3, 2023.

Hutto previously filed a motion for compassionate release that the Court denied on April 20, 2021. After the Court denied Hutto's motion for compassionate release, he received both does of the Pfizer COVID-19 vaccine.

Hutto then filed a second motion for compassionate release, the government responded, Hutto replied, and Hutto proceeded to send numerous supplemental letters to the Court. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.     STANDARD OF REVIEW

A court may modify a term of imprisonment under only three specific circumstances. First, a court may modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence). Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a

sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

And third, 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, permits modification of a term of imprisonment upon motion of the defendant after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A)(i). If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission[,]" the Court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment. *Id.* This statute also provides the Court must consider "the factors set forth in [S]ection 3553(a) to the extent that they are applicable[.]" *Id.*

The applicable Sentencing Commission policy statement referenced in Section 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)"). U.S.S.G. § 1B1.13 provides that the Court may reduce a term of imprisonment if the Court determines 1) "extraordinary and compelling reasons warrant the reduction,"; 2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g),"; and 3) "the reduction is consistent with this policy statement." U.S.S.G. §1B1.13. However, U.S.S.G. § 1B1.13 addresses motions for reductions that are filed by the Director of the BOP and it does not contain a policy statement that specifically addresses motions for reductions that are filed by an inmate defendant.

The Fourth Circuit recently issued a published opinion providing guidance on the arguments district courts can consider in determining whether "extraordinary and compelling" reasons exist to grant compassionate release. *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). In *McCoy*, the Fourth Circuit discerned "[t]here is of now no 'applicable' policy statement governing compassionate-release motions by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). Ultimately, the determination of whether extraordinary and compelling reasons exist in a particular case is a question reserved to the sound discretion of the district court.

## IV.     DISCUSSION AND ANALYSIS

Hutto fails to argue either of the first two scenarios are applicable. Rather, he moves for reduction in his sentence solely on the basis of the third circumstance, alleging COVID-19, when taken with his underlying medical conditions, along with a new alleged illness called hydrocele, qualifies as an extraordinary and compelling reason to warrant relief.

As discussed above, the Court may reduce a defendant's sentence if it concludes extraordinary and compelling reasons warrant such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *McCoy*, 981 F.3d at 284. The Court must also consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

### A.     *Whether Hutto presents extraordinary and compelling reasons warranting a reduction of his sentence*

As an initial matter, the Court concludes Hutto exhausted his administrative remedies and the Court has jurisdiction to adjudicate this motion. Although the government noted Hutto failed

4

to exhaust his administrative remedies, the Clerk of Court subsequently docketed an affidavit from Hutto that stated: "I Garrett Hutto swears under penalty of perjury that after I received the Gov. response on 01-22, I immediately filed another request for compassionate release on 01-22 on a staff request form to the warden and it has been over [thirty] day[s,] and I have not heard anything back." Hutto Aff. at 1.  Consequently, for the purposes of this motion, the Court determines Hutto exhausted his administrative remedies and will address the merits accordingly.

In Hutto's motion, he states his "circumstances have changed for the worst since his first compassionate release" as he now suffers "from a serious medical condition . . . called hydro seal [sic] [and] has severe swelling around his testicles [and] needs an operation . . . which [FCI Williamsburg] has yet to provide." Mot. at 2.  Hutto avers if his motion is granted, "it would be less of a burden on the [BOP] because he would have insurance [and other financial support from his family] to cover the expense of the operation . . . ; [he] would not have to be in constant pain daily and feel discomfort rightly . . . ; [and he] has only one year to complete on his remaining sentence." *Id.*  Hutto also notes he suffers from HIV, high blood pressure, and sleep apnea.

Regarding Hutto's contention he suffers from hydrocele, the government notes "Hutto asserts that his condition is only painful but does not assert that it is a terminal illness or that it substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover [as required by U.S.S.G. § 1B1.13 cmt. N.1(A)]." Resp. in Opp'n at 15.  In reply, Hutto posits, among other things, he has "been waiting over a year just to see the doctor (outpatient) on a medical run, and still hasn't seen one." Reply at 5.

As to Hutto's discussion of his other medical ailments, the government maintains his "medical conditions are appropriately managed at the BOP[,] which is also engaged in strenuous

5

efforts to protect inmates against the spread of COVID-19 and would act to treat any inmate who does contract COVID-19." Resp. in Opp'n at 17. Furthermore, according to the government, Hutto's "medical conditions are being properly treated with medications that ha[ve] his HIV in remission and his high blood pressure under control." *Id.*

Here, regarding Hutto's alleged hydrocele condition, after reviewing the filings, the Court concludes Hutto has failed to demonstrate extraordinary and compelling reasons warrant his release from imprisonment. As aptly noted by the government, "if the [C]ourt grants this motion [based on the alleged hydrocele condition], it would be rewarding someone with early release because he is fortunate enough to have a loving and supportive family who could afford the surgery to the disadvantage of another defendant, who committed the same crime under the same circumstances and required additional medical care, who did not have the same family and financial support." *Id.* at 15.

As to Hutto's other medical conditions, evidence of Hutto's current placement heavily weighs against a determination extraordinary and compelling reasons warrant a reduction in his sentence. According to the BOP COVID-19 case tracker, only two inmates at FCI Williamsburg are infected with COVID-19. *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Feb. 22, 2022). The presence of only two inmates infected with COVID-19 at FCI Williamsburg, the Court concludes, is due in part to the strong vaccination efforts of the BOP in general, as well as FCI Williamsburg in particular.

The BOP also maintains a website detailing the number of doses of the COVID-19 vaccine it has received and administered. *See COVID-19 Vaccine Implementation*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Feb. 22, 2022) (showing the BOP has administered 297,835 doses out of 327,742 received, nearly a ninety-one percent administration

6

rate). This website also notes the number of "Full Staff Inoculations Completed" as well as "Full Inmate Inoculations Completed" for each BOP facility. *Id.* According to this website, 212 employees of FCI Williamsburg have been fully vaccinated, as well as 1,448 inmates. *Id.* And, vaccine doses to inmates are "based on priority of need in accordance with CDC guidelines." *Id.*

Consequently, the presence of only two COVID-19 cases in the FCI Williamsburg inmate population, the strong vaccination efforts of the BOP, and the fact Hutto has been fully vaccinated, Resp. in Opp'n. at 18, lead the Court to conclude Hutto fails to establish extraordinary and compelling reasons warrant a reduction in his sentence.

Alternatively, even if the Court concluded Hutto demonstrated extraordinary and compelling reasons warranted a reduction in his sentence under Section 3582(c)(1)(A), his motion would be denied based on an analysis of the Section 3553(a) factors.

### B.     *Whether the Section 3553(a) factors weigh in favor of release*

As noted above, the Court, in considering a motion for compassionate release, must consider the factors under 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3582(c)(1)(A). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct . . . [and] to protect the public from further crimes by the defendant;" "the kinds of sentences available;" "any pertinent policy statement[;]" "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

As recently noted by the Fourth Circuit in a published opinion, "the text of 18 U.S.C. § 3582(c)(1) does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release" and "§ 3582(c)(1) merely requires district

courts to 'consider[]' the relevant § 3553(a) factors." *United States v. Kibble*, 992 F.3d 326, 331 n.3 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)). Thus, "this language [provides] the district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release." *Id.*

Here, the Court concludes the Section 3553(a) factors weigh heavily against release. The nature of Hutto's offense is serious. Hutto pled guilty to using and carrying a firearm in furtherance of a drug trafficking crime. Firearms are inherently dangerous, and when mixed with drugs, the level of danger increases substantially. Hutto's criminal history is also extremely extensive. According to his Final Presentence Investigation Report (PSR), Hutto's criminal history category was a VI based upon eighteen criminal history points. *See* PSR ¶ 73. This fact contradicts Hutto's motion where he avers he is a "non-violent offender" and "does not have violent priors." Mot. at 4.

Furthermore, Hutto has served less than three years of a five-year sentence, and granting him relief in this case would produce unwarranted sentencing disparities for others accused these serious crimes. And, as the Court sentenced Hutto on June 25, 2019, the balance of the Section 3553(a) factors since his sentencing have not changed in a way that would warrant relief. Neither have they changed since April 20, 2021, when the Court undertook a Section 3553(a) analysis as part of Hutto's first motion for compassionate release.

Consequently, based on the Court's analysis and balancing of the Section 3553(a) factors, a reduction in sentence to release Hutto is inappropriate.

*****

Lastly, although the Court will deny Hutto's motion, it commends his assertion he is "ma[king] significant strides in rehabilitation efforts[.]" Mot. at 4. The Court hopes these strides will assist him when eventually released from FCI Williamsburg.

### IV.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Hutto's motion to reduce his sentence is **DENIED**. To the extend Hutto requests the appointment of counsel, that request is **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 22nd day of February 2022, in Columbia, South Carolina.

                                                       s/ Mary Geiger Lewis
                                                      MARY GEIGER LEWIS
                                                      UNITED STATES DISTRICT JUDGE