

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § CRIMINAL ACTION NO.: 3:18-00309-MGL |
| | § |
| GARRETT HUTTO, | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION FOR RELEASE FROM THE HALFWAY HOUSE**

**I.     INTRODUCTION**

Pending before the Court is Defendant Garrett Hutto's (Hutto) pro se motion for release from the halfway house. The Court will construe the motion as having been filed under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

**II.     FACTUAL AND PROCEDURAL HISTORY**

Hutto pled guilty to knowingly using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The Court sentenced him to sixty months of imprisonment, followed by three years of supervised release.

Hutto is currently housed in a residential reentry facility, also known as a halfway house, in Columbia, South Carolina, with a projected release date of October 17, 2023. He alleges he is working as a day laborer, and people around him are doing drugs and possess weapons.

When released, he states he will return to work at a golf course in Santee, South Carolina. Hutto states that his Court-ordered drug treatment has allowed him to maintain sobriety.

The Court has previously denied two of Hutto's motions for compassionate release, which were premised on the adverse conditions caused by the COVID-19 pandemic. After Hutto filed this motion, the government responded. Hutto neglected to file any reply. The Court, having been fully briefed on the relevant issues, will now adjudicate the motions.

### III.   STANDARD OF REVIEW

Upon a defendant's motion, the Court may reduce a term of imprisonment if the defendant has exhausted his administrative remedies and "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

When deciding whether to reduce a defendant's sentence under Section 3582(c)(1)(A)(i), the Court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021) (explaining the three steps). First, the Court determines whether "extraordinary and compelling reasons" exist to support a sentence reduction. *Id.* at 185 (quoting § 3582(c)(1)(A)(i)).

Second, the Court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Because there is "as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), . . . district courts are empowered to

consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal alterations and citations omitted).

Finally, even if the Court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. *High*, 997 F.3d at 186.

**IV.     DISCUSSION AND ANALYSIS**

   ***A.     Whether the Court must dismiss Hutto's motion for failure to exhaust his administrative remedies***

As an initial matter, as the Court noted above, defendants must generally exhaust their administrative remedies prior to bringing a motion for compassionate release with the Court. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").

Hutto fails to show that he has exhausted his administrative remedies. The government, however, neglected to address this issue in its response. Therefore, to the extent Hutto failed to properly and fully exhaust his administrative remedies, the Court deems the argument waived. *See United States v. Muhammad,* 16 F.4th 126, 130 (4th Cir. 2021) ("Section 3582(c)(1)(A) is a non-jurisdictional claims-processing rule and, therefore, may be waived." (internal quotation marks omitted) (internal citation omitted)).

### B. *Whether the Court may release Hutto to home confinement*

It is possible to interpret Hutto's motion as requesting release or as requesting transfer to home confinement. The government adopts the latter interpretation, and insists the Court has no such authority.

It is true that the decision of whether to transfer a defendant to home confinement as part of their custodial sentence is within the purview of the Bureau of Prisons (BOP). *See* 18 U.S.C § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]").

But, the Court has the authority to reduce Hutto's custodial sentence and modify Hutto's supervised release conditions to include home confinement. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining upon ordering compassionate release, the Court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment").

Because Hutto's request is unclear, the Court will first determine whether extraordinary and compelling reasons warrant a reduction in his sentence, and if so, the extent of reduction that is warranted. If a reduction is proper, the Court will next decide whether home confinement during supervised release is appropriate.

### C. *Whether Hutto presents extraordinary and compelling reasons warranting a reduction of his sentence under 18 U.S.C. § 3582(c)*

Hutto asks for release from the halfway house because his current situation exposes him to drugs and weapons, and so he can return home to his support system. The government fails to address his arguments.

The Court appreciates Hutto's commitment to sobriety. Hutto has stated, however, that he does "not plan to ever be in that type [of] environment again." Motion at 2. The Court is confident that the BOP can support him in remaining drug-free until his release.

And, although the Court is glad that Hutto has a plan for his release, the Court determines such a plan is neither unusual nor unexpected. The Court hopes that he will take advantage of his support system upon his eventual release.

The Court notes that Hutto requests only a few months reduction in his sentence. Nevertheless, the Court determines he has failed to present extraordinary or compelling reasons for a sentence reduction, even with additional conditions such as home confinement. He has failed to allege unique conditions or circumstances that entitle him to special relief.

### D.     *Whether the Section 3553(a) factors weigh in favor of a reduction of sentence*

Even if the Court determined extraordinary and compelling reasons exist in this case, analysis of the Section 3553(a) factors would preclude reducing Hutto's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (the Court may grant compassionate release only "after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]"). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes by the defendant;
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . .[;]
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Hutto pled guilty to using and carrying a firearm in furtherance of a drug trafficking crime, a serious offense. Moreover, his lengthy criminal history, which includes manufacture or distribution of methamphetamine, possession of heroin and crack cocaine, and several instances of grand larceny and shoplifting, resulted in the Court assigning a criminal history category of VI, the highest level, at sentencing.

And, although the Court commends Hutto on his efforts toward rehabilitation and sobriety, he has neglected to do more than what the Court hopes of every defendant. Such strides fail to warrant a sentence reduction. Similarly, although the Court is pleased Hutto has a plan for employment after his custodial sentence, that fails to change the balance of the factors.

Overall, Hutto's sixty-month sentence is not of an "unusual length" creating a "gross disparity[.]" *McCoy*, 981 F.3d at 285 (internal quotation omitted).

Considering the balance of the factors, therefore, the Court determines a reduced sentence is inappropriate. Hutto's current sentence is sufficient, but no longer than necessary, to promote respect for the law, provide adequate deterrence, reflect the seriousness of his offense, and is a just punishment in this case. The Court will therefore refrain from reducing Hutto's sentence and deny his motion. As such, it is unnecessary to further consider whether home confinement is proper.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Hutto's motion for release from the halfway house, ECF No. 163, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 10th day of August 2023, in Columbia, South Carolina.

                                                    s/ Mary Geiger Lewis
                                                    MARY GEIGER LEWIS
                                                    UNITED STATES DISTRICT JUDGE